# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>WALTER M. MICHONSKI<br><br>*Debtor* | Case No.: 23-30765 (AMN)<br>Chapter 7 Case |
| JANE DOE, PPA JOHN DOE<br><br>*Plaintiff*<br>v.<br><br>WALTER M. MICHONSKI<br><br>*Defendant* | Adv. Pro. No.: 23-03016 (AMN)<br><br><br><br><br><br>Re: AP–ECF No. 6[1] |

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS FOR 120 DAYS

*Appearances*

| | |
|---|---|
| *For the plaintiff:* | Ronald Ian Chorches, Esq.<br>Law Offices of Ronald I. Chorches, LLC<br>82 Wolcott Hill Road, - 2nd. Flr. Suite 2<br>Wethersfield, CT 06109 |
| *For the defendant* | Douglas S. Skalka, Esq.<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13th Floor<br>New Haven, CT 06510 |

---

[1] Citations to the docket of the underlying Chapter 7 case, Case No. 23-30765, are noted by "ECF No." Citations to the docket of this adversary proceeding, Case No. 23-03016, are noted by "AP-ECF No."

I.  **Introduction**

Before the court is defendant Walter M. Michonski's motion seeking a twelve (12) month stay of this adversary proceeding ("Motion"). AP-ECF No. 6. The minor plaintiff, known here as Jane Doe, proceeding *per proxima amiciat,* or through her next friend (here her parent known as John Doe), opposes a stay and seeks to proceed immediately to establish that her tort claims against the defendant should be reduced to a money judgment that is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). AP-ECF No. 11. The defendant has not answered the complaint.

Currently, three other legal proceedings are pending against the defendant in other courts. The first is a civil complaint between the same plaintiff and defendant pending in New Haven Superior Court, *Jane Doe, PPA John Doe, v. Walter Michonski,* Docket No. NNH-CV-23-5056969-S, in which the complaint alleges substantially similar facts as the present complaint (the "Civil Case"). The second is a dissolution of marriage action also pending in New Haven Superior Court. *Michonski v. Michonski,* Docket No. NNH-FA-23-6133369-S (the "Divorce Case"). Finally, there is a criminal complaint pending in New Haven Criminal Court, Docket No. NNH-CR-22-0351178, charging the defendant with three (3) counts of sexual assault in the first degree, and one (1) count of injury or risk of injury to, or impairing morals of a minor, based on conduct the defendant acknowledges is substantially the same as set forth in the allegations of the complaint here (the "Criminal Case"). AP-ECF No. 6, p. 4.

To support the stay request, the defendant argues allowing this case to proceed parallel to the Criminal Case would leave him unable to adequately defend the Adversary Proceeding while maintaining his Fifth Amendment privilege against self-

incrimination under the United States Constitution and would force him to allocate very limited financial resources on two litigation fronts. AP-ECF No. 6, p. 5.

## II. JURISDICITON

The United States District Court for the District of Connecticut has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. § 1334(b). This court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1), and the District Court's General Order of Reference dated September 21, 1984. This adversary proceeding is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts). This adversary proceeding arises under the defendant's Chapter 7 case pending in this District and venue is proper pursuant to 28 U.S.C. § 1409(a).

## III. APPLICABLE LAW

The Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . .." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (collecting cases). However, "[n]othing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter." *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994). Indeed, "[a] stay of [a] civil case to permit conclusion of a related criminal

3

prosecution has been characterized as an extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (internal quotation marks omitted). Courts in this Circuit generally grant a stay of a civil matter when the defendant in a civil action is also indicted in a related criminal action. *In re Julmice*, 458 B.R. 657, 662 (Bankr. E.D.N.Y. 2011). When determining whether to stay an action, the court must exercise its judgment and weigh competing interests to maintain an even balance between the parties. *Louis Vuitton Malletier S.A.,* 676 F.3d at 97.

The party seeking a stay bears the burden of establishing its need and, absent a showing of undue prejudice or interference with the defendant's constitutional rights, a stay should not enter. *Louis Vuitton Malletier S.A.*, 676 F.3d at 97. "In evaluating whether the interests of justice favor such a stay, courts have generally been concerned about the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment . . .." *Louis Vuitton Malletier S.A.*, 676 F.3d at 97 (internal quotation marks omitted). Because the Fifth Amendment does not forbid drawing an adverse inference against a party to a civil action when they refuse to testify, "[a] defendant in a civil proceeding who invokes the Fifth Amendment as a result of an overlapping criminal investigation or proceeding risk[s] the adverse inference arising from [his or her] assertion of the privilege." *Louis Vuitton Malletier S.A.*, 676 F.3d at 97–98 (internal quotation marks omitted). On the other hand, a civil defendant who does not assert their Fifth Amendment privilege may find their testimony in the civil case brought to bear in the criminal case. *Louis Vuitton Malletier S.A.*, 676 F.3d at 98.

The Second Circuit identified a six-factor balancing test for judges to use when determining whether to grant a stay while a criminal case is proceeding:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> 2) the status of the case, including whether the defendant has been indicted;
> 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay;
> 4) the private interests of and burden on the defendant;
> 5) the interests of the courts; and
> 6) the public interest.

*Louis Vuitton Malletier S.A.*, 676 F.3d at 99.  These factors are meant to be employed as a guide to aid the court in determining the proper course of action but are not considered by the Court of Appeals to state a bright-line rule.  *Louis Vuitton Malletier S.A.*, 676 F.3d at 99.

   a. **The Extent to which the Issues in the Criminal Case Directly Overlap with Those Presented in the Civil Case**

"[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Sec. & Exch. Comm'n v. CKB168 Holdings, Ltd.*, No. 13-CV-5584 (RRM) (RLM), 2016 WL 11472222, at *2 (E.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted; quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).  "Parallel cases substantially overlap when they arise from the same facts and involve nearly identical issues."  *Capak v. Epps*, No. 18-CV-4325 (RA), 2018 WL 6726553, at *3 (S.D.N.Y. Dec. 21, 2018) (internal quotation marks omitted).

### b. The Status of the Case

When weighing the status of the case, courts look to "whether a prosecution is likely and imminent as opposed to a remote or purely hypothetical possibility." *Capak v. Epps*, No. 18-CV-4325 (RA), 2018 WL 6726553, at *3 (S.D.N.Y. Dec. 21, 2018) (internal quotation marks omitted). "A stay of a civil case is most appropriate where a party to the civil case already has been indicted for the same conduct." *Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 621 (S.D.N.Y. 2020).

### c. The Private Interests of a Plaintiff in Proceeding Expeditiously Weighed Against the Prejudice to the Plaintiff Caused by the Delay

Although the plaintiff undoubtedly has an interest in proceeding expeditiously, the Eastern District of New York has held that, where a plaintiff has not identified an interest in immediately continuing the case, the plaintiff has failed to show an interest that would outweigh a defendant's interest in preserving their Fifth Amendment right. *See, Scottsdale Ins. Co. v. Above Call Sec. & Investigations, Inc.*, No. 21-CV-1418-(NGG)(PK), 2022 WL 125801, at *5 (E.D.N.Y. Jan. 13, 2022). The court is mindful "a stay will result in inconvenience and delay to plaintiffs", however, consideration of a defendant's Fifth Amendment rights takes precedence. *Parker v. Dawson*, No. 06-CV-6191 (JFB)(WDW), 2007 WL 2462677, at *5 (E.D.N.Y. Aug. 27, 2007) (internal quotation marks omitted).

### d. The Private Interests of and Burden on the Defendant

Where a defendant is forced to choose between utilizing his Fifth Amendment privilege against self-incrimination in a criminal case and defending himself in a civil case, the risk of prejudice is high. *Numismatic Guar. Corp. of Am. v. City Gold USA, Inc.*, No. 18 CIV. 3743 (AT), 2018 WL 11468249, at *2 (S.D.N.Y. July 19, 2018). "There

6

can be little doubt that an indicted defendant ordinarily faces a very substantial risk of self-incrimination if he chooses to defend against civil charges. Conversely, an adverse inference may be drawn if he chooses instead to invoke his Fifth Amendment privilege." *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2002 WL 31729501, at *7 (S.D.N.Y. Dec. 5, 2002). Forcing a defendant to defend in a civil case may result in the defendant revealing "the basis of [his] criminal defense in advance of trial." *Numismatic Guar. Corp. of Am.* 2018 WL 11468249, at *2 (internal quotation marks omitted).

### e. The Interest of the Courts

The court's duty to conduct its judicial business so that cases are resolved as quickly and as cost-effectively as possible, and its intention to inspire the public's confidence in the court's process and decisions, require the court to consider judicial efficiency. "Staying this action could streamline the proceedings, since upon culmination of the criminal case, collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter." *Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d at 622. "As many courts in similar circumstances have noted, [t]he Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case." *Sec. & Exch. Comm'n v. Abraaj Inv. Mgmt. Ltd.*, No. 19-CV-3244 (AJN), 2019 WL 6498282, at *3 (S.D.N.Y. Dec. 3, 2019) (internal quotation marks omitted) (collecting cases). "A stay will conserve judicial resources, avoid prejudice to Defendants by having to litigate the same issues pending the appeal's outcome, avoid possibly inconsistent results, and not unduly delay resolution of the case . . .." *Tyus v. Semple,* No. 3:19-CV-73 (VAB), 2020 WL 1083603, at *4 (D. Conn. Mar. 6, 2020).

### f. The Public Interest

"The Government and the public have an interest in ensuring that civil discovery is not used to circumvent limitations on discovery in criminal cases." *Sec. & Exch. Comm'n v. LaGuardia,* 435 F. Supp. 3d at 622.

### IV.  DISCUSSION

Weighing all of the *Louis Vuitton* factors here, the court concludes a stay of this adversary proceeding should be granted for a limited time of no more than one-hundred twenty (120) days, subject to consideration of a further stay.

The first *Louis Vuitton* factor the court considers is whether the subject of the Criminal Case overlaps with the subject of this adversary proceeding. Some courts view this as the strongest factor. *See, e.g., Sec. & Exch. Comm'n v. CKB168 Holdings, Ltd.*, 2016 WL 11472222, at *2. Here, the parties agree the allegations of the complaint largely – or perhaps even completely – overlap with the charges in the Criminal Case. AP-ECF No. 6, p. 4; *see,* AP-ECF No. 11, p. 2. This factor weighs in favor of granting a stay.

The second factor, the status of the Criminal Case, also weighs in favor of granting a stay. The defendant has already been charged by the State of Connecticut and the Criminal Case is pending in the state court.

The third and fourth factors, the interests and prejudices to the parties, also support a conclusion that granting a stay is prudent at this time. The plaintiff here is appropriately concerned about a delay in resolving this adversary proceeding and her state court Civil Case. She notes the defendant's bankruptcy case was filed on the eve of a hearing to consider imposing a prejudgment remedy against the defendant's

property, and she has been frustrated in obtaining that preliminary protection and cannot proceed in her quest to obtain a money judgment against the defendant. AP-ECF No. 11, p. 7. Although the court recognizes a stay of this adversary proceeding will result in inconvenience and delay for the plaintiff, the existence of the bankruptcy case does preserve the status quo vis-à-vis the defendant's assets that might be used to satisfy an eventual money judgment. Importantly, the plaintiff's interest in proceeding without delay does not outweigh the defendant's interest in preserving his Fifth Amendment right, at least at this stage. *See, e.g., Scottsdale Ins. Co. v. Above Call Sec. & Investigations, Inc.*, 2022 WL 125801, at *5. As noted, the stay the court imposes now will be limited in duration, subject to review and possible extension.

The court notes the plaintiff relies on *In re Lederman,* 140 B.R. 49 (Bankr. E.D.N.Y.) but her reliance is misplaced. In that case, the court overruled the defendant's Fifth Amendment privilege objection. *In re Lederman*, 140 B.R. at 53. However, in doing so, the court stated the disclosure requirements challenged there were "*strictly non-criminal in nature* and have general applicability throughout the society." *In re Lederman*, 140 B.R. at 52 (emphasis added). The disclosure in that case was "required as part of *noncriminal* statutory scheme . . .." *In re Lederman*, 140 B.R. at 52 (emphasis added). The same is not true here, where the defendant's Criminal Case arises from conduct substantially similar to the conduct alleged in the adversary proceeding complaint. To allow both proceedings to continue parallel to each other would burden the defendant's Fifth Amendment privilege.

If the adversary proceeding were stayed, greater judicial efficiency, the fifth factor, may result. The doctrine of collateral estoppel may dispose of several major

9

issues in this case after the conclusion of the Criminal Case and leave few issues to be tried in the adversary proceeding.

Finally, the public interest also weighs in favor of the stay. Civil discovery should not be an avenue through which criminal discovery can be circumvented.

V.    **CONCLUSION**

For the foregoing reasons, the defendant's Motion to Stay Proceedings, AP-ECF No. 6, will be granted for a limited time period. All other arguments have been considered and determined to be without merit.

Accordingly, it is hereby

**ORDERED:** The defendant's Motion to Stay Proceedings, AP–ECF No. 6, is granted and all deadlines in this adversary proceeding are stayed through July 12, 2024; and, it is further,

**ORDERED:** On or before June 4, 2024, both parties are to file a statement concerning the progress of all non-bankruptcy related matters; and it is further

**ORDERED**: On June 11, 2024, at 2:00 p.m., a continued pre-trial status conference shall be held to address the progress of all non-bankruptcy related matters via ZoomGov (and the Clerk is requested to send the appearing counsel the ZoomGov connection information), to consider imposition of a Pre-Trial Scheduling Order, and to consider whether any further stay of this adversary proceeding is warranted.

Dated this 8th day of March, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut